United States District Court
Southern District of Texas
**ENTERED**
January 02, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TAMESHA FIONE BOOKMAN, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:22-cv-00385 |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Plaintiff Tamesha Fione Bookman ("Bookman") seeks judicial review of an administrative decision denying her applications for disability insurance and supplemental security income benefits under Titles II and XVI of the Social Security Act (the "Act"), respectively. Before me are competing motions for summary judgment filed by Bookman and Defendant Martin O'Malley, the Commissioner of the Social Security Administration (the "Commissioner").[1] *See* Dkts. 19–23. After reviewing the briefing, the record, and the applicable law, Bookman's motion for summary judgment (Dkt. 19) is **DENIED**, and the Commissioner's motion for summary judgment (Dkt. 21) is **GRANTED**.

## BACKGROUND

Bookman filed applications for disability insurance and supplemental security income benefits on September 18, 2020, alleging disability beginning June 1, 2014. Bookman's application was denied and denied again upon reconsideration. On April 20, 2022, an Administrative Law Judge ("ALJ") held a hearing. During the hearing, Bookman amended her alleged onset date of disability

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. O'Malley is "automatically substituted" as the defendant in this suit. FED. R. CIV. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

to September 18, 2019. On May 4, 2022, the ALJ issued a decision, finding that Bookman is not disabled. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to "(1) whether the Commissioner applied the proper legal standards; and (2) whether the Commissioner's decision is supported by substantial evidence on the record as a whole." *Est. of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in *any* substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quotation omitted). The Commissioner uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment;

(4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id.* Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's maximum capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

At Step 1, the ALJ found that Bookman "has not engaged in substantial gainful activity since September 18, 2019, the amended alleged onset date." Dkt. 10-3 at 17.

At Step 2, the ALJ found that Bookman suffered from "the following severe impairments: rheumatoid arthritis, osteoarthritis, chronic pain, and obesity." *Id.*

At Step 3, the ALJ found that Bookman "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." *Id.* at 18.

Prior to consideration of Step 4, the ALJ determined Bookman's RFC as follows:

> [Bookman] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she cannot climb ropes, ladders, or scaffolds. She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She must avoid extreme heat and extreme cold.

*Id.* at 19.

At Step 4, the ALJ found that Bookman "is capable of performing past relevant work as a program secretary. This work does not require the performance

3

of work-related activities precluded by [Bookman]'s residual functional capacity." *Id*. at 22. Accordingly, the ALJ found that Bookman is not disabled.

## DISCUSSION

Bookman contends that the "ALJ failed to properly evaluate [her] self-described limitations, which are patently supported in the record." Dkt. 20 at 2. I disagree.

Bookman first argues that her "self-described limitations, if (properly) credited, directly contradict the ALJ's finding that she can perform the significant standing/walking requirements of light work." *Id*. at 10. That may be, but contradictory evidence alone does not justify overturning the ALJ's decision. "A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Ramirez*, 606 F. App'x at 777 (quotation omitted). The phrase "no contrary medical evidence" means that "[n]o medical evidence contradicts [the claimant's disability]." *Payne v. Weinberger*, 480 F.2d 1006, 1008 (5th Cir. 1973). That is not the case here, where "physical clinical examinations by [Bookman]'s rheumatologist consistently show full range of motion of [her] upper extremities, cervical spine, lumbar spine, and lower extremities" and "[t]here is no documented evidence of joint tenderness, redness, warmth, or swelling despite reports of joint pain to her doctors." Dkt. 10-3 at 20. Unless all of the evidence points only to disability, I must uphold the Commissioner's decision.

Next, Bookman contends that the ALJ's assessment of her self-described limitations as inconsistent with the record is "vague and minimally supported." Dkt. 20 at 11. Specifically, Bookman argues that "the ALJ makes no connection between the[] facts and his findings." *Id*. The facts Bookman references are that, despite her subjective complaints of pain, "the record does not document joint tenderness, redness, warmth, swelling, or side effects from medications." *Id*. Bookman argues the Commissioner is wrong to assume "without proving, that normal findings, such as a lack of cyanosis, full range of motion, and normal

4

sensation . . . discredit [Bookman's] complaints." Dkt. 23 at 1. But it is not the Commissioner's burden to discredit Bookman's complaints. Rather, it is Bookman's burden to establish that any impairment prevents her from doing past relevant work. *See Salmond*, 892 F.3d at 817. She does not carry that burden.

Bookman argues that the Commissioner "pretends that objective findings are the only evidence the ALJ must consider." Dkt. 23 at 1. Not so. The Commissioner recognizes that subjective complaints are evidence. *See* Dkt. 22 at 4. But the Commissioner also recognizes that an "ALJ may discount a claimant's subjective complaints if inconsistencies exist, as here, between the alleged impairments and the evidence as a whole." *Id.* at 5. "Conflicts of evidence are for the Commissioner, not the courts, to resolve." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). Accordingly, even though Bookman's self-described limitations contradict the ALJ's decision, I cannot reweigh the evidence.

Bookman next contends that while the ALJ found her testimony inconsistent with an undated function report, the two are actually consistent. That may be so, and if inconsistency between Bookman's testimony and the function report had been the sole basis for the ALJ's discounting of Bookman's subjective complaints, I might have found this argument persuasive. But the ALJ first discounted Bookman's subjective complaints as "not entirely consistent with the medical evidence," and Bookman cannot show that all evidence points to the contrary. Dkt. 10-3 at 20.

Bookman also argues that the testimony during the hearing of Dr. Oguejiofor, the medical expert, that Bookman "'would be at light' is either hopelessly vague . . . or is plainly testimony on an issue that the ALJ should have rejected as stating a mere conclusion, and not a medical limitation." Dkt. 20 at 13. If Bookman's attorney had not questioned Dr. Oguejiofor, I might be inclined to agree. But Bookman's attorney pointed Dr. Oguejiofor to a medical opinion stating

that Bookman could "[r]arely" lift and carry less than 10 pounds,[2] to which the medical expert testified: "I disagree with all of this stuff, because this was all completed in December of 2021 . . . . But we have records coming up to 2022 that . . . show [Bookman] was well controlled . . . with no major joint dysfunction, no end organ complications." Dkt. 10-3 at 64. Accordingly, I agree with the Commissioner that "all parties understood that Dr. Oguejiofor's testimony was obviously for 'light work.'" Dkt. 22 at 9. But even if they did not, the ALJ's decision is supported by substantial evidence for the reasons discussed above.

Finally, Bookman argues that the Commissioner "misstates the law when [she] states that 'subjective symptoms alone, absent some indication that they are supported by objective medical evidence, fail[] to support a disability finding.'" Dkt. 23 at 2 (quoting Dkt. 22 at 7)). I disagree. The Commissioner accurately stated the law because the regulations provide that subjective "symptoms, including pain, will be determined to diminish your capacity for basic work activities ***to the extent that [they] can reasonably be accepted as consistent with the objective medical evidence***." 20 C.F.R. § 404.1529(c)(4) (emphasis added). Because the ALJ found Bookman's subjective complaints "not entirely consistent with the medical evidence" (Dkt. 10-3 at 20), the ALJ was not required to determine that Bookman's self-described pain diminishes her capacity to work. I understand that "the record consistently documents [Bookman]'s chronic complaints of pain." Dkt. 20 at 15. But, as discussed above and by the ALJ, the record also documents consistently normal physical examination findings. It was for the ALJ to weigh this conflicting evidence, and I cannot reweigh it, even if I disagree with the ALJ's decision.

* * *

For all these reasons, I affirm the Commissioner's decision.

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567.

## CONCLUSION

For the reasons stated above, Bookman's motion for summary judgment (Dkt. 19) is **DENIED**, and the Commissioner's motion for summary judgment (Dkt. 21) is **GRANTED**.

SIGNED this \_\_2nd\_\_ day of January 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE